Meras et al. v. Adinamis et al., 195 Ill. App. 92.

Evangelos Meras and Gust Rovokianes, Defendants in Error, v. Peter G. Adinamis and George Angelus, Plaintiffs in Error.

Gen. No. 20,653.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

## Statement of the Case.

Action by Evangelos Meras and Gust Rovokianes against Peter G. Adinamis and George Angelus. The declaration consisted of an *indebitatus* assumpsit count for goods, wares and merchandise sold and delivered, a *quantum valebant* count, and five common counts in assumpsit, for money lent and advanced, for money had and received, for interest, for value of work done and material furnished, and upon an account stated. To this declaration was attached an affidavit of claim stating that the demand of the plaintiffs is "for money obtained from the plaintiffs by the defendants," amounting to four hundred dollars. Appended was a copy of written contract for the sale of the defendant's confectionery store in Chicago to the plaintiffs, which states that the purchasers have deposited with the sellers two hundred dollars to be applied on the purchase price, "in case the above mentioned deal shall be consummated" within five days; that if the "deal" is not so consummated, "through the fault of" the purchasers, said deposit shall be retained by the sellers as liquidated damages, but if the sellers refuse to execute a bill of sale, then they shall return the deposit and pay two hundred dollars in addition thereto as liquidated damages. The defendants filed their written appearance and a plea of the general issue, accompanied by an affidavit of merits, made by the defendants' attorney, as to the whole of the plain-

Schwartz v. Chicago State Pawners Society, 195 Ill. App. 93.

tiff's demand. When the case was called for trial neither the defendants nor their attorneys responded, and a judgment for four hundred dollars, together with costs, in favor of the plaintiffs was entered. Subsequently the defendants sued out this writ of error.

PANTELIS & RESA, for plaintiffs in error.

THOMPSON, CLARK & STEVENSON, for defendants in error.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 100*—*when default erroneously entered.* It is error to render a judgment against a defendant by default while a plea to the merits remains on file.

2. JUDGMENT, § 100—*what is necessary 'before default can be entered.* When there is a plea on file, a default does not exist merely because the defendant does not appear at the time the case is called for trial, but the plea must be stricken from the files upon due notice before there can be a default, or the issue joined must be tried.

3. PLEADING, § 1*—*when pleading need not be signed.* It is not necessary that a plea of the general issue should be signed by anybody.

---

### Henry Schwartz, Defendant in Error, v. Chicago State Pawners Society, Plaintiff in Error.

### Gen. No. 20,667.

1. PLEDGES, § 42*—*when refusal to return pledged property is conversion.* Where a defendant refuses to surrender pledged property upon proper demand and a proper tender of the amount due, there is a wrongful act amounting to a conversion, and a statement of claim alleging such facts states, in substance, a cause of action in trover.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what are essentials of statement of claim.* It is immaterial what name a plaintiff in the Municipal Court may give to his action, and if the statement of claim shows a cause of action in tort, it will be treated as such.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.